UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MIGUEL ANGEL MALDONADO
de LEON,

    Petitioner,

v.

NIKITA BAKER,
*Acting Director of the U.S. Immigration and Customs Enforcement Baltimore Field Office*,
MATTHEW ELLISTON,
*Deputy Assistant Director for Field Operations, Eastern Division, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement*,
KRISTI NOEM,
*Secretary of Homeland Security*, and
PAMELA BONDI,
*Attorney General of the United States*,

    Respondents.

Civil Action No. 25-3084-TDC

## ORDER

Petitioner Miguel Angel Maldonado de Leon has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges his detention pending immigration removal proceedings. Maldonado has now filed a Motion for a Temporary Restraining Order ("TRO"), ECF No. 12, in which he objects to his relocation to an immigration detention facility in Arizona, as well as the scheduling of removal proceedings in Arizona, and seeks a court order directing Respondents to release Maldonado in Maryland with location monitoring and prohibiting them from moving Maldonado outside this Court's jurisdiction, or, alternatively, directing Respondents to transfer Maldonado to a detention facility in Virginia for the pendency of his

habeas proceedings. Pursuant to the Court's Order, ECF No. 14, Respondents filed a memorandum in opposition to the Motion on September 22, 2025, and Maldonado filed a reply brief on September 23, 2025. On September 24, 2025, Maldonado filed a supplement to the Motion.

To obtain a TRO, the moving party must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (applying this standard to a TRO). The third and fourth factors merge when the Government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). The moving party must satisfy all four factors. *See Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013).

Upon review of the Motion, the Court finds that Maldonado, as the moving party, has not made a sufficiently specific showing as to the *Winter* factors to warrant the requested relief. Notably, the concerns he raises about the location of his detention and of his removal proceedings, including in relation to access to counsel, likely do not identify a violation of specific rights. *See Gandarillas-Zambrana v. Bd. of Immigr. Appeals*, 44 F.3d 1251, 1255–56 (4th Cir. 1995) (rejecting arguments that transferring immigration proceedings from Virginia to Louisiana violated procedural due process because of its impact on the petitioner's right to counsel and to present witnesses); *Reyna ex rel. J.F.G. v. Hott*, 921 F.3d 204, 210 (4th Cir. 2019) (finding that although courts have jurisdiction to review transfer decisions relating to immigration detainees, the transfer of the plaintiffs from Virginia to Texas did not violate substantive or procedural due process based on the distance from family members).

Moreover, the Court finds that Maldonado has not demonstrated a likelihood of irreparable harm. Specifically, he has not shown how detention in Arizona as opposed to Virginia will likely result in irreparable harm to him, particularly in light of the short timeline under which the Court will consider Maldonado's habeas petition, which will be fully briefed on September 29, 2025. Because Maldonado has not satisfied this factor, the Court must deny the Motion and need not and thus does not address the remaining factors.

The Court notes that, as reflected in the filings to date, there remain legitimate questions over whether Maldonado is actually in removal proceedings, whether a hearing has occurred, and when and where any hearings are scheduled to take place. Moreover, Petitioner's attorneys have legitimate concerns that they have not always been able to ascertain Maldonado's location. Because such information is relevant to the resolution of the instant Petition, including the timeline for resolution, the Court will order Respondents to provide updates to the Court and Maldonado's counsel regarding Maldonado's location and the progress of the removal proceedings.

Accordingly, it is hereby ORDERED that:

1. The Motion for a Temporary Restraining Order, ECF No. 12, is DENIED.

2. Respondents shall file, by **Friday, September 26, 2025 at 12:00 noon**, documentary evidence demonstrating that removal proceedings against Maldonado have been initiated and are active before the Immigration Court.

3. Respondents shall file a Notice with the Court within 12 hours of each instance in which (1) Maldonado is transferred to a new detention facility; (2) Maldonado's removal proceedings are transferred to a different Immigration Court; or (3) a new hearing is scheduled or completed, or a ruling is issued, in Maldonado's removal proceedings. Such a Notice shall include, as relevant, the new location of detention, the new location of removal proceedings, or the date, time, and result of the hearing or ruling.

Date: September 25, 2025



THEODORE D. CHUANG
United States District Judge